UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:22-cv-10050-GAYLES

SCOTT SELGER,

        Plaintiff,

v.

MONROE COUNTY
CORRECTIONAL FACILITY, *et al*.,

        Defendants.

_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)

**THIS CAUSE** is before the Court upon Plaintiff Scott Selger's Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff, a pretrial detainee at the Monroe County Correctional Facility, alleges that he is not receiving adequate psychiatric care. The Court has screened the Complaint in accordance with 28 U.S.C. § 1915(e)(2) and finds that it should be **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

### I.    FACTUAL BACKGROUND

Plaintiff alleges that the "Monroe County Correctional Facility Psychiatric Department cannot and will not meet the psychiatric needs of inmates." [ECF No. 1 at 3]. He complains of a lack of doctors at that facility, which led to his prescription for "anti-depressants / anti-anxiety medication" not being renewed. [*Id.*]. He alleges that the psychiatric nurses have "used evasive stalling techniques and outright lies in an attempt to placate" him. [*Id.* at 4]. Lastly, he complains that when it became evident that a medication he was taking was not effective, the doctor prescribed him a different brand of "the same type of medication that still doesn't work." [*Id.*].

Plaintiff sues the Monroe County Correctional Facility, Monroe County Sheriff's Office, and two psychiatric nurses at the facility, Erin and Maddy, whose last names he does not know. [*Id*. at 2]. He seeks $1,150,000 in damages for pain and suffering, an order for the detention facility to provide inmates with regular access to a psychiatric doctor, and a "review of all psychiatric patient / inmate records." [*Id.* at 3].

## II.     LEGAL STANDARD

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint must be dismissed if the court determines that it fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The same standard for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) applies to § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the Court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

At this stage, the Court will take Plaintiff's allegations as true and will construe them in the light most favorable to Plaintiff. *Twombly*, 550 U.S. at 555. Nevertheless, the Court does not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Rather, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure

to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), the complaint still must contain "some factual support for a claim." *Wright*, 740 F. App'x at 694.

## III.    DISCUSSION

To establish a claim under § 1983, Plaintiff must allege that he was deprived of a right secured under the Constitution or a federal law, by a person acting under color of state law. *See Arrington v. Cobb Cnty,* 139 F.3d 865, 872 (11th Cir. 1998). It violates the Eighth Amendment (and similarly the Fourteenth Amendment when applied to pretrial detainees) for a state official to act with deliberate indifference to an inmate's serious medical needs. *See Gamble*, 429 U.S. at 104. But deliberate indifference requires more than mere negligence or medical malpractice. *See id*; *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999). The allegations must show that the medical treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotation marks omitted). To do this, the Complaint must demonstrate that Defendants were "deliberately indifferent" to Plaintiff's "serious medical needs." *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To satisfy deliberate indifference, a plaintiff must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. *See Goebert v. Lee County*, 510 F.3d 1312, 1327 (11th Cir. 2007).

Plaintiff's Complaint is factually deficient. Although he alleges psychiatric needs, he fails to allege that any Defendant has acted with deliberate indifference to those needs. To have subjective knowledge of a risk of serious harm, a prison official "must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Id*. at 842. The only individual Defendants named in the Complaint are Nurse Maddy and Nurse Erin, but Plaintiff provides no specific allegations regarding them, apart from a generalized allegation that "MCCF psychiatric nurses used evasive stalling techniques and outright lies in an attempt to placate myself and others for months on end." [ECF No. 1 at 4]. Because the Complaint contains no facts showing that either of the nurses had subjective knowledge of his condition, Plaintiff has failed to allege that they were deliberately indifferent.

Moreover, to the extent Plaintiff seeks to bring a section 1983 claim against the Monroe County Correctional Facility or Monroe County Sheriff's Office, he "must identify a municipal 'policy' or 'custom' that caused his injury." *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (quoting *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir. 1998); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (a local government can only be held liable under section 1983 based on an official policy or custom). Here, Plaintiff has failed to allege any official policy or custom of the Monroe Country Correctional Facility to deprive inmates of medical treatment. His allegations indicate that the facility is struggling to retain staff, not that it has a "'policy or custom' of deliberate indifference" to detainees' mental health needs. *Jackson v. Corizon Health, Inc*., No. 20-14737, 2022 WL 303288, at *5 (11th Cir. Feb. 2, 2022) (quoting *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011)).

Plaintiff's complaint also lacks facts specifying deficiencies in the care he has received. He complains of delay, stalling, and an incorrect prescription, but he does not specify what harm has

resulted, apart from a vague assertion that he and other inmates are "suffering." [ECF No. 1 at 4]. To determine whether a delay in medical care amounts to "more than gross negligence," courts consider "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert*, 510 F.3d at 1327. The Complaint lacks allegations concerning the first two factors mentioned in *Goebert*, and, as for the third, it implies that the reason for delay in care has been staff shortages at the facility. [ECF No. 1 at 4]. The Complaint also lacks details concerning the care Plaintiff believes he *should* have received. *See, e.g., Chatham v. Adcock*, 334 F. App'x 281, 289 (11th Cir. 2009) (holding that defendants were not deliberately indifferent for denying the plaintiff Xanax and giving him "other psychotropic medication," where the plaintiff failed to establish that he "had a serious medical need for Xanax during the time period at issue."); *see also Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) ("[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation."). Additional specific allegations will be necessary for Plaintiff to meet the high "deliberate indifference" standard.

## IV.   LEAVE TO AMEND

*Pro se* plaintiffs "must be given at least one chance to amend a complaint before its dismissal with prejudice," at least where an amended complaint might state a claim upon which relief can be granted. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). In this instance, it is not clear whether an amendment would be futile. The Court emphasizes that Plaintiff must describe the events giving rise to his cause of action in enough detail to state a plausible claim for relief. While a complaint that states a claim for relief need not contain every

- 5 -

factual detail, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Plaintiff's amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

While Rule 8 allows a Plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to § 1983 cases in an effort to identify meritless claims. *See GJR Investments v. Cty. of Escambia, Fla.,* 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims."). Accordingly, a § 1983 plaintiff must allege with specificity the facts which make out his claim. Factual detail in the pleadings is particularly necessary in cases involving qualified immunity, where the Court must determine whether a defendant's actions violated a clearly established right. *GJR Investments*, 132 F.3d at 1367.

Furthermore, pursuant to Fed. R. Civ. P. 10(b), a complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence … must be stated in

a separate count[.]" Fed. R. Civ. P. 10(b). Plaintiff must clearly write the name of each Defendant who is a party to this action and specify which Defendant is responsible for each act or omission that forms the basis of Plaintiff's claim. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

## V.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **August 1, 2022**, Plaintiff shall file an amended complaint, labeled **"Amended Complaint,"** that cures the deficiencies identified above. The Amended Complaint shall:

   a. Contain a short and plain statement of Plaintiff's claims against each named Defendant, a basis for federal jurisdiction, and a demand for judgment.

   b. Be either typed in 12-point font or larger and double-spaced or handwritten legibly.

   c. Be written on the § 1983 complaint form attached to this order.

3. The Amended Complaint must show **Case No. 22-cv-10050-GAYLES** so that it will be filed in this case.

4. Plaintiff is cautioned that failure to file an Amended Complaint by August 1, 2022 that complies with the instructions in this Order may result in the dismissal of this action under Fed. R. Civ. P. 41(b) for failure to prosecute or failure to comply with court orders.

5. Plaintiff's Motion for Leave to Proceed *In Forma Papueris* [ECF No. 3] is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his motion when he files an Amended Complaint.

6. The Clerk is directed to **CLOSE** this case for administrative purposes only.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of July, 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    **Scott Selger**
19022377
Monroe County Jail
Inmate Mail/Parcels
5501 College Road
Key West, FL 33040
PRO SE